## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

**DARRELL and CANDICE
BROCK,**

              **Plaintiffs,**

**v.**

                                      **No.  2:22-cv-02669**
                                      **JURY DEMANDED**

**DANIEL L. MOORE and
SMART COMMUNICATIONS
HOLDING, INC.,**

                                      **DIVISION** _____

              **Defendants.**

## VERIFIED COMPLAINT FOR A PRELIMINARY AND PERMANENT INJUNCTION AND FOR MONEY DAMAGES

        **COMES NOW,** Plaintiffs, Darrell and Candice Brock, by and through their attorney, Craig V. Morton, and hereby files this Complaint for injunctive relief and money damages and, for their cause of action, would state as follows:

### I. PARTIES

1. Plaintiff Darrell Brock is an adult resident citizen of Byhalia, Mississippi and has been at all relevant times herein.

2. Plaintiff Candice Brock is an adult resident of Byhalia, Mississippi and has been at all relevant times herein.

3. Defendant Daniel L. Moore is an adult resident citizen of Milan, Tennessee and has been for all relevant times herein.

4. Defendant Smart Communications Holding, Inc., a for profit corporation, organized and licensed to do business in the state of Florida. Its principal business address is

10491 72nd Street, Seminole, Florida 33777. Its agent for service of process is Brad

Barrios at 100 N. Tampa Street, Suite 1900, Tampa, Florida 33602.

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction over this matter based on diversity of citizenship

   under 28 U.S.C. § 1332, as this is between citizens of different States and the amount

   in controversy exceeds $75,000.00.

6. This Court has personal jurisdiction over Defendant, Smart Communications

   Holding, Inc., pursuant to Federal Rules of Civil Procedure 4(h) and Tennessee's

   Long-Arm Statute, Tenn. Code Ann. § 20-2-225, which allows a court sitting in

   Tennessee to exercise jurisdiction on any basis that is not inconsistent with the

   Tennessee Constitution or the Constitution of the United States. Defendant maintains

   significant contact with the State of Tennessee and many with the State of Tennessee

   and many of the acts forming the basis of this suit took place in Tennessee, including

   the site of the subject automobile accident.

7. Venue is proper in this Court because a substantial portion of the events giving rise to

   the claim occurred in this District under 28 U.S.C. § 1391 (b)(2).

## III. STATEMENT OF THE FACTS

8. On November 8, 2021 at approximately 1:00 pm, Plaintiff Darrell Brock, while in the

   course and scope of his employment with Traf-Mark, Inc., was painting roadway

   lines, in a designated construction zone, on Airline Road near the intersection with

   Milton Wilson Blvd., Arlington, Shelby County, Tennessee. At approximately the

   same time, Defendant, Daniel L. Moore, while in the scope of his employment with

   Defendant, Smart Holdings Communications, Inc. (hereinafter referred to as "Smart

Holding), crossed the center lane of traffic and struck pedestrian, Plaintiff Darrell Brock.

9. At the time of the accident, Defendant Moore was operating a 2020 Nissan Pathfinder sports utility vehicle owned by Defendant, Smart Holding.

10. As a direct result of being struck by Defendant's vehicle, Plaintiff Darrell Brock suffered immediate, severe, and permanent injuries and damages.

11. Upon arrival of law enforcement, Defendant Moore admitted to looking at his phone before crossing the center lane of Airline Road and striking Plaintiff.

12. At all times relevant herein, Plaintiffs Darrell and Candice Brock were married and living together as husband and wife. The injuries and damages suffered by Plaintiff Darrell Brock negatively and substantially impacted Plaintiffs' marriage causing injuries and damages to said marriage and relationship, as set forth herein with more particularity.

13. At the time of the collision between Defendant Moore and Plaintiff, Defendant Smart Holding maintained an automobile liability insurance policy that was completely insufficient to compensate Plaintiffs for the injuries and damages they sustained as set forth herein with more particularity.

## IV. CAUSES OF ACTION

### COUNT ONE: APPLICATION FOR A PRELIMINARY
### AND PERMANENT INJUNCTION

14. The allegations as set forth in paragraphs 1 through 13 are hereby incorporated in Count One as if fully set forth here.

15. Plaintiffs have been severely injured and damaged by conduct of Defendants as complained of herein and unless Defendant, Smart Holding is restrained from dissipating assets, other than those necessary to conduct normal business operations, Plaintiffs will be immediately and irreparably harmed.

16. The character and quality of injury to Plaintiffs by Defendants is such that in the absence of a temporary and permanent injunction, Plaintiffs will suffer immediate, permanent, and irreparable harm. In particular, this is a case in which liability cannot be reasonably argued. Defendant Moore, distracted by his cell phone while in a construction zone, crossed the center line of traffic and struck Plaintiff while he was painting lines on the roadway. At the time of the accident, Defendant Smart Holding was underinsured. The failure of Defendant Smart Holding to carry adequate and necessary automobile liability insurance in light of its assets, including not less than eight (8) company vehicles, including a Lamborghini worth in excess of $275,000, and a building worth in excess of $2 million, is by its very nature wrongful. If it is appropriate, that an injunction be granted and a bond be required, that the bond be fixed in a nominal amount based upon the facts of this case.

17. It is therefore appropriate that after a hearing upon notice to the Defendants, a temporary injunction be issued and prayed for herein is to continue in full force and effect pending the final entry of judgment in this cause.

18. Unless Defendant Smart Holding is absolutely and permanently restrained from dissipating its assets during the course of their litigation, other than conducting normal business operations, Plaintiffs will suffer immediate and irreparable harm.

### COUNT TWO: NEGLIGENCE

19. Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1 through 18 of this Complaint.

20. Defendant Moore owed a duty to Plaintiff, Darrell Brock, and others similarly situated, to operate his vehicle with reasonable and due care.

21. In particular, Defendant Moore owed a duty to Plaintiff to exercise reasonable and due care in operation of the 2020 Nissan Pathfinder he was driving by:

   a) Maintaining a reasonable, safe and prudent speed under the circumstances then and there existing, including but not limited to the safe and prudent operation of a motor vehicle in a designated construction zone;

   b) Maintaining a safe and proper lookout for Plaintiff and other pedestrians in the potential path of the vehicle;

   c) Maintaining the vehicle at a safe distance from Plaintiff and other similarly situated pedestrians;

   d) Yielding the right of way to Plaintiff and other similarly situated pedestrians;

   e) To follow all applicable laws of the State of Tennessee;

   f) To follow all applicable ordinances of the Shelby County, Tennessee; and,

   g) To recognize and adhere to all applicable traffic and pedestrian signals that were in effect at the time.

24. Defendant Moore breached the aforementioned duty of reasonable and due care by failing to operate the vehicle he was driving with the degree of care and caution required of a reasonable and prudent person under similar circumstances, then and there existing.

25. In particular, Defendant Moore breached the duty of reasonable and due care by illegally, negligently and recklessly failing to:

    a) Maintain a reasonable, safe and prudent speed under the circumstances then and there existing, particularly regarding his operation of the vehicle in a designated construction zone;

    b) Maintain a safe and proper lookout for Plaintiff and other pedestrians in the potential path of the vehicle;

    c) Maintain the vehicle at a safe distance from Plaintiff and other similarly situated pedestrians;

    d) Yield the right of way to Plaintiff and other similarly situated pedestrians;

    e) Follow all applicable law of the State of Tennessee;

    f) Follow all applicable ordinances of Shelby County, Tennessee; and,

    g) Recognize and adhere to all applicable traffic and pedestrian signals that were in effect at the time.

26. Each and every one of the above-stated acts, errors or omissions by Defendant Moore set forth above (para. 25), sections (sec.)(a.-g.) of common law negligence was a direct, proximate and foreseeable cause of the horrific impact between Defendant's vehicle and Plaintiff and the resulting severe injuries and damages he sustained as complained herein.

## COUNT THREE: NEGLIGENCE PER SE

27. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 26 of this Complaint.

28. At the time and place of the collision, the following statues of the State of Tennessee were in full force and effect, to wit:

    a) Tennessee Code Annotated (T.C.A) § 55-8-109. Traffic control devices;

    b) T.C.A. § 55-8-115. Driving on the right side of the roadway;

    c) T.C.A. § 55-8-197. Failure to yield right of way resulting in serious bodily injury or death;

    d) T.C.A. § 55-8-152. Speed limits;

    e) T.C.A. § 55-10-205. Reckless driving.

29. At the time of the collision, the following ordinances of the Shelby County, Tennessee were in full force and effect, to wit:

    a) Sec. 24-116. Duty to devote full time and attention to operating vehicle;

    b) Sec. 24-117. Duty to drive at a safe speed, maintain lookout and keep vehicle under control;

    c) Sec. 24-122. Duty to drive on the right side of the roadway;

    d) Sec. 24-136. General speed restrictions.

30. The aforementioned statutes and ordinances were enacted and designed to establish reasonable "rules of the road" to guide motorists in the safe operation of motor vehicles in order to protect Plaintiff and other similarly situated members of society from bodily injury and damages.

31. Each of the aforementioned statues and ordinances establish a standard of care which Defendant Moore, by law, must adhere to in the operation of Defendant Smart Holding's Nissan SUV.

7

32. Plaintiff charges and alleges that Defendant Moore, at the time and place of the collision, was in violation of each of the above-stated statutes and ordinances. (Para. 28 and 29) and, as such, the violations by Defendant Moore constitute negligence per se.

33. Plaintiff charges and alleges that it was such negligence, or a combination of such negligence, with other acts of negligence by Defendant Moore as herein described, that was the direct, proximate and legal cause of the accident and resulting severe injuries and damages suffered by Plaintiffs as alleged herein.

## COUNT FOUR: GROSS NEGLIGENCE

34. Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1 through 33 of this Complaint.

35. Plaintiffs charge and allege that Defendant Moore was grossly negligent in his operation of the vehicle owned by Defendant Smart Holding on November 8, 2021, by recklessly, carelessly and violently striking Plaintiff, a pedestrian, while he was lawfully painting roadway lines in a designated construction zone on Airline Road, Arlington, Shelby County, Tennessee, as described herein.

36. Defendant Moore's action of striking Plaintiff with the vehicle he was operating demonstrated such a lack of care that it raises a presumption of his conscious and callous indifference to Plaintiff and others similarly situated, particularly when he admitted to looking at his phone prior to crossing the center lane and violently striking Plaintiff in a marked construction zone.

37. Plaintiffs charge and allege that it was the negligence and gross negligence of Defendant Moore that was the direct, proximate and foreseeable (legal) cause of the

accident and the resulting severe injuries and damages suffered by Plaintiffs as alleged herein.

## COUNT FIVE: RESPONDEAT SUPERIOR

38. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 37 of this Complaint.

39. At the time of the accident, Defendant Moore was an employee/agent of Defendant Smart Holding.

40. At the time of the accident, Defendant Smart Holding owned the 2020 Nissan Pathfinder Defendant Moore was operating.

41. At the time of the accident, Defendant Moore had permission of Defendant Smart Holding to operate the 2020 Nissan Pathfinder.

42. At the time of the accident, Defendant Moore was engaged in the business of Defendant Smart Holding.

43. At the time of the accident, Defendant Moore was operating said vehicle within the scope and course of his employment with Defendant Smart Holding.

44. Additionally, at the time of the accident T.C.A. § 55-10-311 was in full force and effect. **T.C.A. § 55-10-311. Ownership; prima facie evidence; dealer liability for loaner vehicle**, states in relevant part as follows:

> (a) In all actions injury to persons and/or property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other propelled vehicle within this state, proof of ownership of the vehicle at the time of the cause of action sued on was being operated and used with authority, consent and knowledge of the owner in the very transaction out of which the injury or cause of action arose, and the proof of ownership likewise shall be prima face evidence that the vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of the servant's employment…

45. As a direct, proximate and foreseeable result of the negligent and reckless acts of Defendant Moore, Plaintiffs were caused to suffer severe injuries and damages as set forth herein.

46. Defendant Smart Holding is vicariously liable to Plaintiffs for the severe injuries and damages suffered as a direct, proximate and foreseeable result of the negligence and gross negligence of its employee/agent, Defendant Moore as alleged herein, pursuant to the doctrine of respondeat superior as well as, T.C.A. § 55-10-311(a).

## DAMAGES

47. Plaintiffs incorporate herein by reference the allegations set forth in paragraphs 1 through 46 of this Complaint.

48. As the direct, proximate and foreseeable (legal) result of the negligent, illegal, and reckless acts of both Defendants as alleged herein, Plaintiff, Darrell Brock, has suffered and continues to suffer severe, painful and permanent injuries and damages, including but not limited to:

    a) Immediate physical pain and suffering;

    b) Immediate fright and shock;

    c) Pain and suffering; past, present and future, including, but not limited to:

        i.    Large C4-C5 ruptured disc with moderate cord compression and osteophyte complex;

        ii.    C5-C6 ruptured disc to the right with mild cord compression;

        iii.    Forehead laceration which required stitches;

        iv.    Right wrist fracture;

        v.    Concussion with dizziness;

      vi.   Headaches and stiffness in his neck; and,

      vii.   Positional vertigo with head movements.

d) Mental anguish; past, present and future;

e) Substantial medical expenses; past, present and future;

f) Substantial loss of income;

g) Permanent scarring;

h) Permanent disability and lost mobility;

i) Loss of companionship with his wife, Plaintiff, Candice Brock;

j) Loss of employment; and,

k) Additional financial losses and injury not yet ascertained, including but not limited to, potential surgeries and the pain and personal injury associated therewith.

49. As the direct, proximate and foreseeable (legal) result of the negligent, illegal and reckless acts of both Defendants as alleged herein, Plaintiff, Candice Brock, has suffered and continues to suffer damages, including but not limited to:

a) Loss of companionship/consortium;

b) Loss of spousal support; and,

c) Emotional trauma.

**PRAYER**

Wherefore Premises Considered, Plaintiffs pray that:

1. That lawful process be issued and served upon the Defendants requiring them to answer this Complaint as by law provided.

2. That upon the filing of this Complaint for the issuance of a Temporary and Permanent Injunction on such conditions as to bond as this Honorable Court shall deem appropriate, the Defendant Smart Communications Holding, Inc. be immediately and absolutely restrained from dissipating any assets other than those incurred during normal course of conducting its business.

3. After a full hearing in this cause, the Plaintiffs be awarded a permanent injunction against the Defendant Smart Communications Holding, Inc., wherein the Defendant Smart Communications Holding, Inc. is restrained from dissipating any assets other than those incurred in the normal course of conducting its business.

4. Judgment be awarded to Plaintiffs, Darrell and Candice Brock, against Defendants to compensate for their injuries and damages as set forth herein in an amount not less than two-million, five hundred thousand dollars ($2,500,000.00);

5. Judgment be awarded to Plaintiff, Darrell Brock, against Defendant Daniel Moore for punitive damages in an amount not less than five-hundred thousand dollars ($500,00.00) for the reckless and grossly negligent conduct as set forth herein;

6. A jury be empaneled to hear this cause of action;

7. Plaintiffs be allowed to freely amend this Complaint upon completion of an investigation/discovery aspects of the case; and,

8. Such other and further relief, including but not limited to, discretionary costs as Plaintiffs may be entitled.

**AFFIDAVIT**

STATE OF TENNESSEE

COUNTY OF SHELBY

   Personally appeared before me, the undersigned authority in and for the jurisdiction of the foresaid, the undersigned, Darrell Brock, who after being duly sworn, stated that the facts contained in the above and foregoing were true and correct to the best of his knowledge, information and belief.

_Darrell L. Brock_
Darrell Brock

SWORN TO AND SUBSCRIBED BEFORE ME, this is the __30th__ day of September, 2022.

_____
NOTARY PUBLIC

My commission expires:

Hannah Burleson
Notary Public
Shelby County, Tennessee
My Commission Expires June 03, 2026

Respectfully Submitted,
**MORTON & GERMANY, PLLC**


_____

Craig V. Morton (#14969)
*Attorney for Plaintiff*
45 North B.B. King Blvd., Suite 201
Memphis, Tennessee 38103
Phone: (901) 522-0050
Facsimile: (901) 522-0053
Email: craig@mortongermany.com


_____

Michael E. Scholl (#16284)
*Attorney for Plaintiff*
200 Jefferson Ave.
Suite 1500
Memphis, TN 38103
Phone: (901) 529-8500
Email: mike@scholl-law-firm.com

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DARRELL and CANDICE BROCK

**DEFENDANTS**

DANIEL L. MOORE and SMART COMMUNICATIONS HOLDING, INC.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

CRAIG V. MORTON
45 N. B.B. KING BLVD SUITE 201, MEMPHIS, TN 38103 901-522-0050

Attorneys *(If Known)*

MELANIE M. STEWART
44 N. SECOND ST., SUITE 1200, MEMPHIS, TN 38103
901-526-5975

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332 & 28 U.S.C. 1391 (b) (2)

Brief description of cause:
INJUNCTIVE RELIEF AND COMPENSATION FOR INJURIES IN MOTOR VEHICLE ACCIDENT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
2,500,000.00

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 02/19)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Tennessee  ▼

| | |
|---|---|
| DARRELL AND CANDICE BROCK ) | |
| ) | |
| ) | |
| ) | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No. 2:22-cv-2669 |
| DANIEL L. MOORE AND SMART ) | |
| COMMUNICATIONS HOLDING, INC. ) | |
| ) | |
| ) | |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* DANIEL L. MOORE
7055 N. MAIN ST.
MILAN, TN 38358-6374

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: MORTON AND GERMANY
45 N. B.B. KING BLVD
SUITE 201
MEMPHIS, TN 38103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                               .

❏ I personally served the summons on the individual at *(place)*

on *(date)*                               ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                      , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)*                                        , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                               ; or

❏ I returned the summons unexecuted because                                        ; or

❏ Other *(specify)*:


My fees are $                for travel and $                for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Tennessee  ▼

| | |
|---|---|
| DARRELL AND CANDICE BROCK | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 222-CV-2669 |
| DANIEL L. MOORE AND SMART | ) |
| COMMUNICATIONS HOLDING, INC. | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  SMART COMMUNICATIONS HOLDING, INC.
AGENT FOR SERVICE OF PROCESS
BRAD BARRIOS
100 N. TAMPA ST.
SUITE 1900
TAMPA, FL 33602

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  MORTON AND GERMANY
45 N. B.B. KING BLVD
SUITE 201
MEMPHIS, TN 38103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                                        .

☐ I personally served the summons on the individual at *(place)*

on *(date)*                          ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                          , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*                                        , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                          ; or

☐ I returned the summons unexecuted because                                        ; or

☐ Other *(specify):*


My fees are $                    for travel and $                    for services, for a total of $      0.00      .


I declare under penalty of perjury that this information is true.


Date:

*Server's signature*

*Printed name and title*


*Server's address*

Additional information regarding attempted service, etc: